UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHRISTOPHER BROWN,<br>　　Plaintiff, | :<br>:<br>: |
| v. | : Case No. 3:16cv376(MPS) |
| | : |
| DEP'T OF CORRECTION, ET AL.,<br>　　Defendants. | :<br>: |

## **RULING AND ORDER**

　　The plaintiff, Christopher Brown, currently incarcerated at Corrigan-Radgowski Correctional Institution, initiated this civil action *pro se* by filing a complaint against the State of Connecticut Department of Correction and fourteen of its employees. The plaintiff subsequently filed an amended complaint to add five new employees of the Department of Correction as defendants.

　　On December 19, 2016, the court dismissed the Fifth Amendment and Americans with Disabilities Act claims as well as all other claims against defendants Department of Correction, Warden Maldonado, Captains Johnson, Tuttle, Robles and Marinelli and CCT Counselor Morrison pursuant to 28 U.S.C. § 1915A(b)(1) and all claims for monetary damages against the remaining defendants pursuant to 28 U.S.C. § 1915A(b)(2). The court concluded that the Eighth Amendment claims for deliberate indifference to the plaintiff's mental health needs and safety and unconstitutional conditions of confinement, the Fourteenth Amendment claim for discrimination in violation of the plaintiff's right to equal protection of the laws and the Fourteenth Amendment procedural due process claims related to the plaintiff's initial placement in administrative segregation, his continued confinement in administrative segregation, his transfer to different phases of administrative segregation at different facilities and his regression

back to earlier phases of administrative segregation would proceed against defendants Commissioner Semple, District Administrator Quiros, Wardens Erfe and Cournoyer, Deputy Wardens William Mulligan and Lafar, Directors Lewis and Maiga, Counselors Bachon, O'Neill and Griggs and Drs. Frayne and Gagne in their individual capacities and official capacities.

The plaintiff has filed a motion for reconsideration of the dismissal of the claims against defendants Warden Maldonado, Captain Johnson and Captain Robles. He argues that he included sufficient facts in the amended complaint to state plausible Eighth and Fourteenth Amendment claims against defendants Maldonado, Johnson and Robles.

A second review of the allegations in the complaint reflects the following claims asserted against Warden Maldonado. The plaintiff alleges that defendant Maldonado, as the warden of Northern, was aware of his confinement in the administrative segregation program as of November 4, 2013, and his continued confinement at the facility for over two years. During that time, Warden Maldonado and other defendants failed to perform periodic reviews of the plaintiff's placement in administrative segregation. The plaintiff alleges that Warden Maldonado knew that he was mentally ill and that the conditions of confinement at Northern exacerbated his mental health. Despite this knowledge, Warden Maldonado continued to confine the plaintiff at Northern and failed to adequately train mental health workers to provide him with appropriate treatment. *See* Am. Compl., ECF No. 7 at 5-6, 13-14, ¶¶ 26, 34, 82-84, 88-93. After carefully considering these allegations, the court concludes that the plaintiff has stated a plausible claim under the Eighth Amendment against Warden Maldonado for deliberate indifference to mental health needs and a plausible claim under the Fourteenth Amendment for denial of procedural due process in connection with his continued confinement in administrative segregation without

periodic reviews. Accordingly, the motion for reconsideration is granted to the extent that it seeks to reinstate these Eighth and Fourteenth Amendment claims against Warden Maldonado.

The plaintiff also claims that in January 2013, Warden Maldonado did not recommend an inmate for placement on administrative segregation after he assaulted another inmate with a weapon. *See id.* at 11, ¶ 70. The plaintiff contends that in making this decision and in his "creation and enforcement" of prison directives, Warden Maldonado arbitrarily discriminated against him. *See id.* at 9, 12, ¶¶ 55, 71. The plaintiff does not allege that Warden Maldonado was responsible for or involved in the decision to place him on administrative segregation in November 2013. Thus, the court cannot discern how Warden Maldonado's decision not to recommend that another inmate be placed on administrative segregation, almost a year after the plaintiff's placement in administrative segregation, constitutes discrimination or a violation of the plaintiff's constitutional rights. Accordingly, the motion for reconsideration is denied to the extent that the plaintiff seeks reinstatement of the discrimination claim against Warden Maldonado.

A second review of the allegations in the complaint reflects the following claims asserted against Captains Johnson and Robles. The plaintiff alleges that defendants Johnson and Robles, as captains at Northern, were aware of his confinement in the administrative segregation program as November 4, 2013, and his continued confinement in the program for over two years. During that time, Captains Johnson and Robles and other defendants failed to perform periodic reviews of the plaintiff's placement in administrative segregation. *See id.* at 6, ¶ 34.

The plaintiff claims that Captain Johnson and other defendants subjected him to multiple phase regressions within the administrative segregation phase program. The plaintiff contends

that there is no provision for phase regression within the administrative directives. He asserts that Captain Johnson and other defendants have unconstitutionally punished him by requiring him to repeat earlier phases of the three-phase administrative segregation program without notice. *See id.* at 12-13, ¶¶ 76-81.

After carefully considering these allegations, the court concludes that the plaintiff has stated a plausible claim under the Fourteenth Amendment against Captains Johnson and Robles for denial of procedural due process in connection with his continued confinement in administrative segregation without periodic reviews and a plausible claim under the Fourteenth Amendment against Captain Johnson for denial of procedural due process in connection with his regression back to earlier phases of administrative segregation. Accordingly, the motion for reconsideration is granted to the extent that it seeks to reinstate these Fourteenth Amendment due process claims against Captains Johnson and Robles.

This order is without prejudice to any defendant's right to move to dismiss any and all claims against him.

**ORDERS**

The Court enters the following orders:

(1) The Motion for Reconsideration, [**ECF No. 7**] of the Initial Review Order [**ECF No. 10**] is **GRANTED** in part and **DENIED** in part. The motion is **GRANTED** to the extent that it seeks to reinstate the Fourteenth Amendment claim against Warden Maldonado, Captains Johnson and Robles for denial of procedural due process in connection with the plaintiff's continued confinement in administrative segregation without periodic reviews, the Fourteenth Amendment claim against Captain Johnson for denial of procedural due process in connection

with the plaintiff's regression back to earlier phases of administrative segregation and the Eighth Amendment claim against Warden Maldonado for deliberate indifference to the plaintiff's mental health needs and is **DENIED** to the extent that it seeks to reinstate the discrimination claim against Warden Maldonado.

Accordingly, the portion of the Initial Review Order, [**ECF No. 10**], which dismissed the Eighth and Fourteenth Amendment claims set forth in the amended complaint against Warden Maldonado and Captains Johnson and Robles is **VACATED**. The Eighth Amendment deliberate indifference to mental health needs claim and Fourteenth Amendment due process claim as described above will proceed as to Warden Maldonado in his individual and official capacities and the Fourteenth Amendment due process claims as described above will proceed as Captain Jesse Johnson and Captain Robles in their individual and official capacities. The Initial Review Order, [**ECF No. 10**], is otherwise **AFFIRMED** in all respects, including the dismissal of the discrimination claim against Warden Maldonado.

(2)     Within twenty-one (21) days of this Order, the U.S. Marshals Service shall serve the summons, a copy of the Amended Complaint and this Ruling and Order on defendants Warden Maldonado and Captains Jesse Johnson and Robles in their official capacities by delivering the necessary documents in person to the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141.

(3)     Within twenty-one (21) days of this Order, the Clerk shall ascertain from the Department of Correction Office of Legal Affairs the current work addresses for Warden Edward Maldonado, Captain Jesse Johnson and Captain Robles and mail a waiver of service of process request packet, including a copy of the Amended Complaint and this Ruling and Order, to each

defendant in his or her individual capacity at his or her current work address. On the thirty-fifth (35th) day after mailing, the Clerk shall report to the court on the status of all the requests. If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(4) Defendants Maldonado, Johnson and shall file their response to the Amended Complaint, either an answer or motion to dismiss, within sixty (60) days from the date the notice of lawsuit and waiver of service of summons forms are mailed to them. If the defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above. They may also include any and all additional defenses permitted by the Federal Rules.

(5) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed by all parties within six months (180 days) from the date of this order. Discovery requests need not be filed with the court.

(6) All motions for summary judgment shall be filed within seven months (210 days) from the date of this order.

IT IS SO ORDERED.

/s/
Michael P. Shea, U.S.D.J.

Dated: Hartford, Connecticut
May 23, 2017