UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHRISTOPHER BROWN,<br>    Plaintiff, | : <br> : <br> : | |
| v. | : | Case No. 3:16cv376(MPS) |
| DEP'T OF CORRECTION, ET AL.,<br>    Defendants. | : <br> : <br> : | |

## **RULING AND ORDER**

The plaintiff, Christopher Brown, currently incarcerated at Corrigan-Radgowski Correctional Institution, initiated this civil action *pro se* by filing a complaint against the State of Connecticut Department of Correction and fourteen of its employees. The plaintiff subsequently filed an amended complaint to add five new employees of the Department of Correction as defendants.

On December 19, 2016, the court dismissed the Fifth Amendment and Americans with Disabilities Act claims as well as all other claims against the Department of Correction, Warden Maldonado, Captains Johnson, Tuttle, Robles and Marinelli and Counselor Supervisor John/Jane Doe at Cheshire pursuant to 28 U.S.C. § 1915A(b)(1) and dismissed the claims for monetary damages against Commissioner Semple, District Administrator Quiros, Wardens Erfe and Cournoyer, Deputy Wardens Mulligan and Lafar, Directors of Offender Classification Lewis and Maiga, Counselors Bachon, O'Neill and Griggs and Drs. Frayne and Gagne in their official capacities pursuant to 28 U.S.C. § 1915A(b)(2). The court concluded that that the Eighth Amendment and Fourteenth Amendment claims would proceed against defendants Semple, Quiros, Erfe, Cournoyer, Mulligan, Lafar, Lewis, Maiga, Bachon, O'Neill, Griggs, Frayne and Gagne in their individual and official capacities.

The plaintiff moved for reconsideration of the dismissal of the claims against Warden Maldonado and Captains Johnson and Robles. On May 23, 2017, the court granted the plaintiff's motion for reconsideration in part and reinstated the Fourteenth Amendment claim against Warden Maldonado and Captains Johnson and Robles for denial of due process in connection with the plaintiff's continued confinement in administrative segregation without periodic reviews, the Fourteenth Amendment claim against Captain Johnson for denial of due process in connection with the plaintiff's regression back to earlier phases of administrative segregation and the Eighth Amendment claim against Warden Maldonado for deliberate indifference to plaintiff's mental health needs. On June 6, 2017, the court granted the defendants leave to file an answer to the amended complaint on or before July 21, 2017.

Pending before the court are two motions to compel, a motion for reconsideration, a motion to amend the complaint and a supplemental complaint filed by the plaintiff and a motion for extension of time filed by the defendants. For the reasons set forth below, the plaintiff's motions are denied, the supplemental complaint is stricken from the docket and the defendants' motion is granted.

I.    **Motions to Compel [ECF Nos. 38, 43]**

In both motions, the plaintiff states that he served interrogatories and a request for production of documents on the defendants on April 4, or 5, 2017. He claims to have sent "a reminder" request to the defendants on May 3, 2017. He seeks to compel the defendants to respond to the interrogatories and request for production of documents.

A party may seek the assistance of the court only after he has complied with the provisions of Rule 37(a) of the Federal Rules of Civil Procedure. Under this rule, a motion to compel must include an affidavit certifying that the party has made an attempt to confer with

opposing counsel in a good faith effort to resolve the discovery dispute without the intervention of the court.

Although the plaintiff claims that he sent a written reminder to the defendants on May 3, 2017, he does not attach the letter to his motion. Nor has he attached an affidavit certifying that he has made an attempt to confer with opposing counsel in a good faith effort to resolve the discovery disputes without the intervention of the court. Because the plaintiff did not attach a copy of his May 3, 2017 reminder letter to the defendants, the court cannot conclude that the plaintiff has made a good faith effort to resolve these disputes involving answers to interrogatories and a request for production of documents prior to filing the motion to compel as required by Federal Rule of Civil Procedure 37(a)(1).

Furthermore, Rule 37(b)1 of the Local Civil Rules of the United States District Court for the District of Connecticut requires that any discovery motion filed with the court be accompanied by copies of the discovery requests at issue and a detailed memorandum of law containing the specific items of discovery sought or opposed. Rule 37(b)1 provides in pertinent part:

> Memoranda by both sides shall be filed with the Clerk in accordance with Rule 7(a)1 of these Local Rules before any discovery motion is heard by the Court. Each memorandum shall contain a concise statement of the nature of the case and a specific verbatim listing of each of the items of discovery sought or opposed, and immediately following each specification shall set forth the reason why the item should be allowed or disallowed. . . . Every memorandum shall include, as exhibits, copies of the discovery requests in dispute.

D. Conn. L. Civ. R. 37(b)1.

The plaintiff has not filed a memorandum in support of either motion that sets forth the reasons why each of the requested items of discovery should be allowed. Nor has he attached copies of the interrogatories or the request for production to either motion. Thus, he did not

3

comply with Local Rule 37(b)1. For all of the reasons set forth above, the motions to compel are denied without prejudice.

## II. Motion for Reconsideration of Appointment of Counsel [ECF No. 42]

The plaintiff asks the court to reconsider appointing him *pro bono* counsel. The docket does not reflect that the plaintiff ever previously moved for the appointment of counsel. He claims that he cannot litigate the case without the assistance of counsel because he is a "mental health prisoner" and has no access to a law library or rules of procedure.

Civil litigants, unlike criminal defendants, do not have a constitutional right to the appointment of counsel. *See Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986) (district judges are afforded "broad discretion" in determining whether to appoint *pro bono* counsel for an indigent litigant in a civil case); 28 U.S.C. § 1915(e)(1) ("The court *may* request an attorney to represent any person unable to afford counsel.") (emphasis added). The Second Circuit has made clear that before an appointment is even considered in a civil action, the indigent person must demonstrate that he or she is unable to obtain counsel or legal assistance. *See Hodge*, 802 F.2d at 61.

The plaintiff does not indicate that he made any attempt to secure legal representation or assistance on his own. Although the Inmate Legal Aid Program cannot represent inmates, the program attorneys may be available to conduct research, answer questions regarding discovery and assist inmates in responding to dispositive motions. Attorneys at the Inmate Legal Aid Program may be contacted at the following address and telephone number: Inmate Legal Aid Program, Bansley | Anthony | Burdo, LLC, 265 Orange Street, New Haven, CT 06510, Tel. 1-866-311-4527.

4

Because there is a possibility that the plaintiff may be able to secure legal assistance or representation independently, the motion for appointment of counsel is denied without prejudice. *See Hodge*, 802 F.2d at 61. The plaintiff may renew his motion at a later stage of the litigation.

## III. Motion to Amend [ECF No. 44]

The plaintiff seeks leave to file a second amended complaint. He states that he "has now obtained all the necessary documentation and evidence to put forth and establish his claim in whole and through no fault of his own had no way of obtaining these documents when the plaintiff's complaint was initiated." Mot. Amend, ECF No. 44 at 1. The plaintiff does not attach a proposed second amended complaint to his motion.

After the time to amend as of right has passed, "[t]he court should freely" grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). In considering whether to grant a litigant leave to amend under Rule 15(a), the court considers such factors as undue delay, bad faith, dilatory motive, undue prejudice and futility of the amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

A plaintiff is not required to submit documentation in support of the claims in a complaint. Moreover, as indicated above, the court has already determined that the first amended complaint states plausible Eighth and Fourteenth Amendment claims against sixteen defendants.

The plaintiff does not explain how he seeks to amend the first amended complaint. Thus, he has set forth no basis on which to grant him leave to file a second amended complaint. The motion for leave to amend is denied.

## IV. Supplemental Complaint [ECF No. 47]

On July 24, 2017, the plaintiff filed a supplemental complaint without seeking leave of court. The supplemental complaint adds one defendant and several new claims. The plaintiff has included Mental Health Social Worker William Longo as a new defendant. In addition, he includes a new 15-page section in the supplemental complaint titled "Causation & Evidence." Suppl. Compl., ECF No. 47 at 15. Attached to the supplemental complaint are seventy-nine pages of exhibits.

Rule 15(d) of the Federal Rules of Civil Procedure permits a party to move to file a supplemental pleading and the district court to grant such a motion, in the exercise of its discretion, upon "reasonable notice" and "on just terms." A motion to supplement pleadings under Rule 15(d) is properly filed when a party seeks to plead a "transaction, occurrence or event that happened after the date of the pleading to be supplemented." *Id.* "A trial court has broad discretion in determining whether to grant a motion to file a supplemental [complaint] under Rule 15(d)." *Biosafe-One, Inc. v. Hawks*, 639 F. Supp. 2d 358, 370 (S.D.N.Y. 2009), *aff'd*, 379 F. App'x 4 (2d Cir. 2010).

A district court may grant permission to file a supplemental pleading under Rule 15(d), when it determines that "the supplemental facts connect it to the original pleading." *See Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995). In deciding whether to grant a motion to supplement a pleading, a district court should consider the following factors: "undue delay, bad faith, dilatory tactics, undue prejudice to the opposing party or futility." *Id.* Thus, district courts should contemplate prejudice to the opposing party and, in their discretion grant "supplementation [where it] will promote the economic and speedy disposition of the controversy between the parties, will not cause undue delay or trial inconvenience, and will not

prejudice the rights of any other party." *Bornholdt v. Brady*, 869 F.2d 57, 68 (2d Cir. 1989) (citations omitted).

In the "Causation & Evidence" section of the supplemental complaint, the plaintiff includes allegations regarding Mental Health Social Worker Longo. The plaintiff claims that in February 2016, he sent inmate requests to Longo and filed a grievance. Mental Health Social Worker Long responded to the grievance and requests that same month. *See id.* at 22-23, ¶¶ 89-91. The plaintiff filed this action on March 7, 2016, and amended the complaint on April 11, 2016. Thus, the allegations against Mental Health Social Worker Longo do not relate to incidents that occurred after the date of the filing of either the complaint or amended complaint. Thus, they cannot be considered to be supplemental allegations. There is no basis to permit the plaintiff to add Longo as a defendant at this point in the case because the plaintiff was aware of the allegations when he filed the complaint in March 2016.

The supplemental complaint includes multiple pages of allegations regarding the circumstances surrounding the disciplinary report the plaintiff received on November 3, 2013, which was the basis for the decision to transfer him to administrative segregation. *See id.* at 15-22, ¶¶ 65-88. The plaintiff raises claims of forged documents and other due process violations in connection with the disciplinary report. These allegations were not raised in the complaint or first amended complaint. Nor did the plaintiff challenge the issuance of the disciplinary report or its disposition as violating his due process rights.

These allegations do not relate to incidents that occurred after the filing of the complaint or amended complaint. Furthermore, any allegations regarding the disciplinary report issued in November 3, 2013 are barred by the applicable three-year statute of limitations. *See Lounsbury*

*v. Jeffries*, 25 F.3d 131, 134 (2d Cir. 1994) (holding that, in Connecticut, the general three-year personal injury statute of limitations period set forth in Connecticut General Statutes § 52-577 is the appropriate limitations period for civil rights actions asserted under 42 U.S.C. § 1983). Thus, the court concludes that the addition of allegations regarding the disciplinary report issued to the plaintiff for assault on November 3, 2013 would be futile. *See Grace v. Rosenstock*, 228 F.3d 40, 53 (2d Cir. 2000) (noting that an amendment or a supplement to a pleading "would . . . be futile if . . . claims . . . sought to [be] add[ed] would be barred by the applicable statute of limitations").

      The plaintiff's supplemental complaint also makes reference to a Connecticut criminal case in which he was charged with assaulting an inmate on November 3, 2013. *See* Suppl. Compl., ECF No. 47 at 27, 103. In mid-June 2016, a jury found him not guilty of the assault charge. *See id.* at 99. The plaintiff believes that this determination should be a reason to lower his security or risk level and remove him from the administrative segregation program. He attaches exhibits to the supplemental complaint that are addressed to his requests for a risk or security level reduction or reclassification due to the not-guilty finding. The court concludes that this claim is a new claim that is not connected to the claims in the first amended complaint. Because it is not sufficiently related, the court will not permit the plaintiff to add the claim. *See LaBarbera v. Audax Construction Corp.*, 971 F. Supp. 2d 273, 285( E.D.N.Y. 2013) (denying motion to amend or supplement complaint on ground that new claims sought to be added involved issues that were "wholly unrelated" to the resolution of claims included in the complaint) (citations omitted).

The plaintiff also reiterates his claims of improper phase regressions and denial of due process in connection with those regressions as well as his claims relating to the absence of periodic reviews of his placement on administrative segregation. He attaches exhibits to the supplemental complaint in support of these claims. These allegations and the evidence in support of these allegations do not constitute supplemental claims. As indicated above, the plaintiff is not required to submit evidence in support of his claims when filing a complaint or amended complaint. For all of the reasons set forth above and because it would delay the litigation of this case, the court will not construe the supplemental complaint as a motion for leave to file it. Absent leave, the supplemental complaint was improperly filed.

The Clerk is directed to strike the supplemental complaint from the docket. The case will proceed as to the claims in the Amended Complaint, ECF No. 7, as set forth in the court's Initial Review Order, ECF No. 10, and the ruling granting the motion for reconsideration of the initial review order in part, ECF No. 33.

## V. Motion for Extension of Time [ECF No. 46]

The defendants seek an extension of time to file a response to the first amended complaint until the court rules on the plaintiff's motion for leave to file a second amended complaint. The motion seeking an extension of time to file a response to the amended complaint is granted.

The court has denied the plaintiff leave to file an amended complaint and has directed the Clerk to strike the supplemental complaint from the docket. The defendants shall file their response to the amended complaint within twenty days of the date of this order.

**Conclusion**

The Motions to Compel [**ECF Nos. 38, 43**] and the Motion for Reconsideration of Appointment of Counsel [**ECF No. 42**] are **DENIED** without prejudice. The plaintiff may renew his motion for appointment of counsel at a later stage of the litigation after he had made attempts to secure private representation or legal assistance from the Inmates Legal Aid Program. The Motion for Leave to Amend [**ECF No. 44**] is **DENIED**. The Clerk is directed to **STRIKE** the Supplemental Complaint, [**ECF No. 47**], from the docket. The case will proceed as to the claims in the Amended Complaint, [ECF No. 7], as set forth in the court's Initial Review Order, [ECF No. 10], and the ruling granting the motion for reconsideration of the initial review order in part, [ECF No. 33]. The Defendants' Motion for Extension of Time [**ECF No. 46**] to file a response to the first amended complaint is **GRANTED**.

**The defendants shall file their response to the amended complaint, ECF No. 7, within twenty days of the date of this order.**

**Discovery shall be completed within five months of the date of this order. Summary judgment motions, if any, shall be filed within six months of the date of this order.**

SO ORDERED at Hartford, Connecticut this 18 day of October, 2017.

　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　Michael P. Shea, U.S.D.J.